UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| MARK TUTTLE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 1:14-cv-01211-TWP-DKL |
| | ) | |
| CAROLYN COLVIN, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

Plaintiff Mark Tuttle ("Tuttle") requests judicial review of the decision of Defendant Carolyn W. Colvin, Acting Commissioner of the Social Security Administration (the "Commissioner"), denying Tuttle's application for supplemental security income ("SSI").  The Honorable Tanya W. Pratt, District Judge, designated this Magistrate Judge, under Fed. R. Civ. P. 72 and 28 U.S.C. § 636(b)(1), to issue a report and recommendation on the request. [Dkt. 20.] For the reasons set forth below, the undersigned recommends the Commissioner's decision be **AFFIRMED**.

## I.     BACKGROUND

### A.  Procedural History

Tuttle filed an application for SSI on April 7, 2011, alleging an onset of disability of February 9, 2011.  [Dkt. 12-2 at 12.]  Tuttle's applications were denied initially and upon reconsideration.  Tuttle requested a hearing, which was held on January 17, 2013, before

Administrative Law Judge T. Whitaker ("ALJ").   The ALJ denied Tuttle's application on March 7, 2013.  *Id*.  On May 23, 2014, the Appeals Council denied Tuttle's request for review, making the ALJ's decision final for purposes of judicial review.  [Dkt. 12-2 at 2.] Tuttle filed his Complaint with this Court on July 21, 2014.  [Dkt. 1.]

### B.  Factual Background and Medical History

Tuttle was born on May 1, 1969 and was 43 years old at the time of the hearing. He has a high school education. He has worked as an auto body helper and a janitor. Most recently, Tuttle was self-employed working as a delivery driver and touch-up painter. He last worked in 2009. The ALJ found Tuttle had a number of severe impairments including: degenerative disc disease of the lumbar spine; degenerative osteoarthritis of the knee; migraine headaches; obesity; sacroillitis neuritis; neuropathy; anxiety; depression and attention deficit disorder. As the ALJ thoroughly summarized the medical records, the Court will only cite to the portions relevant to the issues on which Tuttle requests review.

## II.   LEGAL STANDARDS

### A.  Standard for Proving Disability

To be eligible for SSI and DIB, a claimant must show she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A).  To evaluate a disability claim, an ALJ must use the following five-step inquiry:

| | |
|---|---|
| Step One: | Is the claimant currently employed; |
| Step Two: | Does the claimant have a severe impairment or combination of impairments; |
| Step Three: | Does the claimant's impairment meet or equal any impairment listed in the regulations as being so severe as to preclude substantial gainful activity; |
| Step Four: | Can the claimant perform his past relevant work; and |
| Step Five: | Is the claimant capable of performing any work in the national economy? |

20 C.F.R. §§ 404.1520. *See also Dixon v. Massanari*, 270 F.3d 1171, 1176 (7th Cir. 2001). The individual claiming disability bears the burden of proof at steps one through four. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). If the claimant meets that burden, then the SSA has the burden at Step Five to show that work exists in significant numbers in the national economy that the claimant can perform, given his age, education, work experience and functional capacity. 20 C.F.R. § 404.1560 (c) (2).

### B. Standard for Judicial Review

An ALJ's decision will be upheld on review when the ALJ applies the correct legal standard, and substantial evidence supports the decision. *Barnett v. Barnhart*, 381 F.3d 664, 668 (7th Cir. 2004). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (internal quotation omitted). This limited scope of judicial review follows the principle that Congress designated the Commissioner, not the courts, to make disability determinations:

> In reviewing the decision of the ALJ, we cannot engage in our own analysis of whether [the claimant] is severely impaired as defined by the SSA regulations. Nor may be reweigh evidence, resolve conflicts in the record, decide questions of credibility, or, in general, substitute our own judgment for

> that of the Commissioner.  Our task is limited to determining whether the ALJ's factual findings are supported by substantial evidence.

*Young v. Barnhart*, 362 F.3d 995, 1001 (7th Cir. 2004). Where conflicting evidence allows reasonable minds to differ as to whether a claimant is entitled to benefits, the court must defer to the Commissioner's resolution of this conflict.  *Binion v. Chater*, 108 F.3d 780, 782 (7th Cir. 1997).  The ALJ is required to articulate a minimal, but legitimate, justification for her decision to accept or reject specific evidence of a disability.  *Scheck v. Barnhart*, 357 F.3d 697, 700 (7th Cir. 2004).  "An ALJ need not specifically address every piece of evidence, but must provide a 'logical bridge' between the evidence and his conclusions." *O'Connor-Spinner v. Astrue*, 627 F.3d 614, 618 (7th Cir. 2010) (citation omitted).

## III.   DISCUSSION

Tuttle's sole argument on review focuses on his contention that the opinion of his treating physician, Dr. Anthony Mimms, deserved to be given greater weight by the ALJ. Dr. Mimms is a physiatrist who treated Tuttle primarily for back pain for about three years before the hearing. The ALJ cited to several of Dr. Mimms' treatment records and noted that Tuttle's pain medications were "essentially unchanged for extended periods." [Dkt. 12-2 at 19.]  On January 14, 2013, Dr. Mimms completed a Medical Source Statement reciting Tuttle's work limitations. The form document contains no analysis or explanation of the restrictions.  Dr. Mimms checked each appropriate response without comment.  For example, the doctor indicated Tuttle could only stand or walk a half hour out of a workday and could sit for less than an hour. The form invites physicians to "please

comment upon the objective medical basis for the above limitations," but Dr. Mimms did not do so.

The ALJ considered Dr. Mimms' Medical Source Statement, however assigned its RFC implications reduced weight because they were "inconsistent with the clinical signs and objective medical evidence as a whole." [Dkt. 12-2 at 21.]  The ALJ assigned great weight to the opinions of the state agency physicians and modeled his RFC after the less restrictive limitations set forth in the Physical Residual Functional Capacity Assessment. [Dkt. 12-7 at 61-66.]  Tuttle argues Dr. Mimms' Medical Source Statement is entitled to greater weight because he was Tuttle's treating physician. He also argues the ALJ did not properly consider the factors required by regulation to determine the weight of Dr. Mimms' opinion.

A treating physician's opinion regarding the nature and severity of a medical condition is entitled to controlling weight if it is (1) supported by medical findings; and (2) consistent with substantial evidence in the record. *See* 20 C.F.R. § 404.1527(d)(2).  A decision to deny a physician's opinion controlling weight does not prevent the ALJ from considering it, however, and the ALJ may still look to the opinion after opting to afford it less evidentiary weight. Exactly how much weight the ALJ affords depends on a number of factors, such as the length, nature, and extent of the physician and claimant's treatment relationship, *see* 20 C.F.R. § 404.1527(d)(2)(I)-(ii), whether the physician supported his or her opinions with sufficient explanations, *see id.* § 404.1527(d)(3), and whether the physician specializes in the medical conditions at issue, *see id.* § 404.1527(d)(5).  If the ALJ discounts the physician's opinion after considering these

factors, the court must allow that decision to stand so long as the ALJ "'minimally articulate[d]'" his reasons—a very deferential standard that we have, in fact, deemed "lax." *Berger v. Astrue,* 516 F.3d 539, 545 (7th Cir. 2008) (quoting *Rice v. Barnhart,* 384 F.3d 363, 372 (7th Cir. 2004)).

Tuttle's argument that Dr. Mimms' Medical Source Statement deserves greater weight fails. Tuttle points to no evidence that supports the severity of Dr. Mimms' restrictions; nor does Dr. Mimms offer any analysis to support his own opinion. Instead, Tuttle recites evidence of his back impairment based upon X-rays from November of 2008 and a consultative exam by Dr. Djodjeva in May of 2011. Tuttle argues that because this evidence is "consistent" with Dr. Mimms' opinion, the opinion is supported by the record and must be given controlling weight. The Court disagrees. The evidence cited by Tuttle reflects a back impairment (that the ALJ determined to be severe), but it does not reflect impairment so severe as to warrant the strict work restrictions imposed by Dr. Mimms. Moreover, the ALJ referenced the X-rays and Dr. Djodjeva's evaluation, noting Dr. Djodjeva's observation that Tuttle had "painful, but normal ROM (range of motion) in the spine." [Dkt. 12-7 at 56.] In light of this evidence, it was not error for the ALJ to discount Dr. Mimms' opinion. Accordingly, the lack of evidence supporting Dr. Mimms' opinion coupled with the ALJ's minimal articulation of his reason for discounting the opinion gives the Court no basis for remand.

## IV.    CONCLUSION

The standard for disability claims under the Social Security Act is stringent. The Act does not contemplate degrees of disability or allow for an award based on partial

disability.  *Stephens v. Heckler*, 766 F.2d 284, 285 (7th Cir. 1985).  Furthermore, the standard of review of the Commissioner's denial of benefits is narrow.  The Court reviews the record as a whole, but does not re-weigh the evidence or substitute its judgment for the ALJ's.  *Terry v. Astrue*, 580 F.3d 471, 475 (7th Cir. 2009).  The Court must uphold a decision where, as here, it is supported by substantial evidence in the record.  As the Court cannot find a legal basis to overturn the ALJ's determination that Tuttle does not qualify for disability benefits, the undersigned recommends the Commissioner's decision be **AFFIRMED**.

### Notice Regarding Objections

Within fourteen days of being served with a copy of this recommendation, either party may serve and file specific written objections thereto.  28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2).  A district judge shall make a *de novo* determination of those portions of the recommendation to which objections are made.  28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(3).  Failure to file an objection might result in forfeiture of the right to *de novo* determination by a district judge and to review by the court of appeals of any portion of the recommendation to which an objection was not filed.  *Tumminaro v. Astrue*, 671 F.3d 629, 633 (7th Cir. 2011); *United States v. Pineda-Buenaventura*, 622 F.3d 761, 777 (7th Cir. 2010); *Schur v. L. A. Weight Loss Centers, Inc.*, 577 F.3d 752, 761 n. 7 (7th Cir. 2009); *Kruger v. Apfel*, 214 F.3d 784, 787 (7th Cir. 2000); *Johnson v. Zema Systems Corp.*, 170 F.3d 734, 739 (7th Cir. 1999).

**The parties should not expect extensions of time to file either objections or responses. No replies will be permitted.**

Date: __07/14/2015__

*Denise LaRue*

Denise K. LaRue
United States Magistrate Judge
Southern District of Indiana

Distribution:

Michael G. Myers
mgmyers10@sbcglobal.net

Thomas E. Kieper
UNITED STATES ATTORNEY'S OFFICE
tom.kieper@usdoj.gov